# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES BLOCKER and JAMI BLOCKER, husband and wife, *et al*., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-17-248-D |
| CONOCOPHILLIPS COMPANY, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Preclude Service of Subpoenas to Produce Records on Non-Parties [Doc. No. 39]. Defendant filed an expedited response [Doc. 41] and Plaintiffs filed a reply [Doc. No. 42]. Defendant also filed an opposed motion for extension of the discovery deadline [Doc. No. 44]. The matter is fully briefed and at issue.

## BACKGROUND

On January 19, 2018, Defendant filed notices with the Court, indicating Defendant's intention to serve subpoenas on eight non-parties [Doc. Nos. 31-38]. The eight subpoenas directed the recipients to produce records by February 7, 2018. However, the Court's July 7, 2017 Scheduling Order [Doc. No. 17] ordered discovery to be completed by February 1, 2018.

On January 25, 2018, Plaintiffs filed their motion to preclude service of the subpoenas [Doc. No. 39], asserting that the production request was overly broad and required production after the discovery cutoff date. The Court ordered Defendant to file

an expedited response [Doc. No. 40]. Defendant filed a response on January 30, 2018 [Doc. No. 41], but did not request an extension of the discovery period.

On January 31, 2018, Plaintiffs filed a reply [Doc. No. 42]. The Court entered an Order on January 31, 2018 [Doc. No. 43], acknowledging that the requested document production could not occur without an extension of the discovery period. On February 1, 2018, Defendant filed an opposed motion to extend the discovery period until March 1, 2018 [Doc. No. 44].

## ANALYSIS

Plaintiffs contend that the production request is overly broad and that Defendant has not demonstrated good cause to extend the discovery deadline. Defendant argues the Court should permit service of the subpoenas because: (1) Defendant learned only recently of the information it seeks to obtain through the requested records; and (2) that Plaintiffs will not be prejudiced if Defendant is allowed to obtain discovery past the cutoff.

Once the Court enters a scheduling order, FED. R. CIV. P. 16(b)(4) provides that such order "may be modified only for good cause and with the judge's consent." The good cause standard "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006); *see also Strope v. Collins*, 315 Fed. Appx. 57, 62 (10th Cir. 2009) (unpublished).[1]

---

[1] "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." FED. R. CIV. P. 16 advisory committee's note to 1983 Amendment.

The fixing of time limits in Rule 16(b) "serves to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material." FED. R. CIV. P. 16 advisory committee's note to 1983 Amendment. "Litigants are forced to establish discovery priorities and thus to do the most important work first." *Id.* Here, Defendant proposed the schedule that the Court ultimately adopted, including a February 1, 2018, discovery cutoff. [Doc. Nos. 16 at 9 & 17 at 17].[2]

Seven of the eight subpoenas are to realtors and/or realty companies, requesting records and communications dating back to January 1, 2002. [Doc. Nos. 32-38].[3] Attached to each subpoena is Exhibit "1," which lists the properties within the Clifford Farms housing addition. The other subpoena request is to Nextdoor.com [Doc. No. 31]. It requests all content posted to the Clifford Farms neighborhood social media page.

---

[2] Plaintiffs proposed an earlier discovery cutoff of November 15, 2017. [Doc. No. 16 at 9].

[3] The request for documents is quite broad:

1. All documents from January 1, 2002 to present regarding open houses, realtor tours, offers, listings, closings, inspections, valuations, recommended testing, and disclosures for all properties in the Clifford Farms neighborhood.

2. All communications from January 1, 2002 to present regarding open houses, realtor tours, offers, listings, closings, inspections, valuations, recommended testing, and disclosures for all properties in the Clifford Farms neighborhood.

3. All documents in any way related to the water and soil quality in the Clifford Farms neighborhood.

4. All documents from January 1, 2002 to present regarding Clifford Farms that you exchanged with any Attorneys.

5. All communications from January 1, 2002 to present regarding Clifford Farms that you exchanged with any Attorneys.

Defendant asserts that service of the eight requested subpoenas was prompted by the January 15, 2018, deposition testimony of Plaintiff Brian Wehr. Defendant has attached the relevant portions of Mr. Wehr's testimony. [Doc. No. 41-1]. Mr. Wehr described a 15-minute conference call between himself, his realtor (Darren Webb), the seller's realtor (Carlene Rupp) and an attorney from the Ryan Whaley firm that occurred in August 2016, after Mr. Wehr had already made an offer on the home. According to Mr. Wehr, the attorney from Ryan Whaley disclosed that there were "some water issues up at the front of the neighborhood." [Doc. No. 41-1 at 17]. Mr. Wehr did not recall ever receiving a written disclosure regarding such issues.

Defendant, however, admits that Mr. Wehr disclosed this meeting in his written discovery responses dated October 26, 2017, three months prior to Mr. Wehr's deposition. Def.'s Resp. [Doc. No. 41 at 6]; *see also* Ex. 3 to Def.'s Resp. [Doc. No. 41-3 at 9-10, 28].[4] Although Mr. Wehr omitted the fact that an attorney from Ryan Whaley was present and made the disclosure, Defendant still had notice of the disclosure in October 2017. Further, Plaintiff contends that both agents to the sales transaction – Darren Webb and Carlene Rupp – were identified in a document produced to Defendant on or about August 3, 2017. Pls.' Reply [Doc. No. 42 at 4]; *see also* Ex. 2 to Pls.' Reply [Doc. No. 42-2].[5] The Court

---

[4] "Response to Interrogatory No. 7: Darren Webb (realtor), Carlene Rupp (realtor) and I had a disclosure meeting. It was brought to my attention that some of the water[] wells in the front of the neighborhood near 178th Street had some issues (five cases, chloride in water, and over an oilfield)." [Doc. No. 41-3 at 10].

[5] Mr. Kerns testified in his November 7, 2017 deposition that his real estate agent disclosed the lawsuit against ConocoPhillips and the water issues to the Wehrs before they sold them the home. [Doc. No. 41-5 at 26]. This is two months prior to Mr. Wehr's deposition.

4

concludes that Defendant has not provided an adequate explanation for the delay in serving the subpoena on Carlene Rupp.

The Court has reviewed the relevant portions of Mr. Wehr's deposition testimony. Although Defendant contends that the other seven subpoenas were also prompted by Mr. Wehr's testimony, Mr. Wehr's testimony does not appear to relate at all to these seven production requests. There is no reference to Nextdoor.com in Mr. Wehr's testimony or to a neighborhood social media page. Further, the other realtors were not involved in the disclosure meeting between Mr. Wehr, Mr. Webb, Ms. Rupp and the attorney from Ryan Whaley, nor were they involved in the purchase of the home by Mr. Wehr.

Further, the request for documents is overly broad and not limited to disclosures about water issues. Rather, the request is for all documents and communications relating to a number of matters from January 1, 2002, to the present. Defendant requests information relating to open houses, realtor tours, offers, listings, closings, inspections, etc. Some of the documents and communications requested could arguably be privileged given that communications with attorneys are requested. A district court is "not required to permit [a party] to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. 2002) (unpublished)[6]; *see also Munoz v. St. Mary–Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000).

Defendant's argument that Plaintiffs will not be prejudiced by the production of the subpoenaed documents does not compel a different result here. Although the trial date is

---

[6] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

seven months away, Plaintiffs' expert reports are due March 19, 2018 [Doc. No. 17 at 1]. Further, Plaintiffs would be precluded from obtaining deposition testimony from the realtors regarding such records because the discovery period would be completed; any such follow-on discovery would require yet another extension of deadlines.

In summary, Defendant has not shown an adequate explanation for the delay in issuing the subpoenas, or a compelling reason to extend discovery.

## CONCLUSION

Accordingly, Plaintiffs' Motion to Preclude Service of Subpoenas to Produce Records on Non-Parties [Doc. No. 39] is GRANTED.[7]

IT IS SO ORDERED this 8th day of February 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[7] Defendant's opposed motion for extension of the discovery deadline [Doc. No. 44] remains pending until the Court issues a ruling on Defendant's Motion to Compel [Doc. No. 29].