IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES BLOCKER and JAMI BLOCKER, husband and wife, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. CIV-17-248-D |
| CONOCOPHILLIPS COMPANY, | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Before the Court is Defendant's Unopposed Motion to Consolidate [Doc. No. 69], filed only in Case No. CIV-17-248-D ("*Blocker*"), but requesting consolidation pursuant to FED. R. CIV. P. 42(a) with the related case of *Lay v. ConocoPhillips Co.,* Case No. CIV-18-316-D ("*Lay*").

Rule 42(a) vests in the district court discretionary authority to consolidate actions that involve a common question of law or fact. *Gillette Motor Transp., Inc. v. N. Okla. Butane Co.,* 179 F.2d 711, 712 (10th Cir. 1950) (recognizing "broad discretion vested in the trial court in ordering consolidation of cases"). The commonality requirement is clearly met under the circumstances presented here. In both cases, residents of the Clifford Farms subdivision allege that their groundwater and soil have been affected by historic oil and gas operations conducted by Defendant. Further, Plaintiff in *Lay* and Plaintiffs in *Blocker* are represented by the same counsel. Accordingly, the Court finds that consolidation of the two cases is appropriate.

In keeping with the Court's customary practice, the consolidation of the cases will result in a direction that the Clerk administratively close the higher-numbered case and that the parties make all future filings only in the lower-numbered case. This practice is a matter of administrative convenience, so there is no need for the Clerk to maintain two files and the parties (or the Court) to make duplicate filings.

IT IS THEREFORE ORDERED that Defendant's Unopposed Motion to Consolidate [Doc. No. 69] is GRANTED. The above-styled cases are consolidated for all purposes, including trial. The deadlines in the Court's Order dated April 23, 2018 [Doc. No. 63], will remain in effect. However, Defendant may conduct written discovery and take the depositions of Plaintiff Lay and her ex-spouse Kelly Lay on or before July 1, 2018.

IT IS FURTHER ORDERED that Plaintiffs' actions shall proceed as a single case under Case No. CIV-17-248-D and all future filings shall occur only in Case No. CIV-17-248-D, unless otherwise ordered. The Clerk shall administratively close Case No. CIV-18-316-D without prejudice to a future reopening, if appropriate.

IT IS SO ORDERED this 9th day of May 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE