# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES BLOCKER and JAMI BLOCKER, )
husband and wife, *et al.*, )
                                       )
Plaintiffs, )
                                       )
v. )    Case No. CIV-17-248-D
                                       )
CONOCOPHILLIPS COMPANY, )
                                       )
Defendant. )

## **ORDER**

Before the Court is Defendant's Motion to Reconsider Prior Order [Doc. No. 48] and Reopen Limited Fact Discovery and Brief in Support [Doc. No. 54]. Plaintiffs timely responded in opposition [Doc. No. 67], and Defendant filed a reply[1] [Doc. No. 68]. The matter is fully briefed and at issue.

## **BACKGROUND**

On January 19, 2018, Defendant filed notices with the Court, indicating Defendant's intention to serve subpoenas on eight non-parties [Doc. Nos. 31-38]. The eight subpoenas directed the recipients to produce records by February 7, 2018. However, the Court's July 7, 2017 Scheduling Order [Doc. No. 17] directed discovery to be completed by February 1, 2018.

---

[1] Defendant filed a Notice of Errata on May 8, 2018 [Doc. No. 70], withdrawing the Carlene Rupp Privilege Log attached as Ex. 2 to its Reply [Doc. No. 68] and substituting the Privilege Log attached to the Notice of Errata [Doc. No. 70-1].

On January 25, 2018, Plaintiffs filed their motion to preclude service of the subpoenas [Doc. No. 39], asserting that the production requested was overly broad and required production after the discovery cutoff date. The Court ordered Defendant to file an expedited response [Doc. No. 40]. Defendant filed a response on January 30, 2018 [Doc. No. 41], but did not request an extension of the discovery period.

On January 31, 2018, Plaintiffs filed a reply [Doc. No. 42]. The Court entered an Order on January 31, 2018 [Doc. No. 43], acknowledging that the requested document production could not occur without an extension of the discovery period. On February 1, 2018, Defendant filed an opposed motion to extend the discovery period until March 1, 2018 [Doc. No. 44].

On February 8, 2018, the Court granted Plaintiffs' motion to preclude service of the subpoenas [Doc. No. 48]. The Court concluded that Defendant had "not shown an adequate explanation for the delay in issuing the subpoenas, or a compelling reason to extend discovery." [Doc. No. 48 at 6]. Although Defendant argued the subpoenas were prompted by the deposition testimony of Plaintiff Brian Wehr on January 15, 2018, the Court found that Plaintiff Wehr's meeting with realtors was disclosed to Defendant in written discovery responses on October 26, 2017 – three months prior to Plaintiff Wehr's deposition. [Doc. No. 48 at 4]. Further, both agents to the sales transaction – Darren Webb and Carlene Rupp – were identified in a document produced to Defendant on or about August 3, 2017. *Id.* Moreover, the Court concluded the subpoena requests were "overly broad and not limited to disclosures about water issues." *Id.* at 5.

Defendant now asks the Court to revisit its ruling. Specifically, Defendant asserts that Plaintiffs' expert report from appraiser Jim Artman, which contains opinions about home values, puts the disclosures in "stark focus." Further, Defendant contends that Plaintiffs were not forthcoming during written discovery about their conversations with realtors and attorneys during the sale of their homes.

## STANDARD OF DECISION

The Federal Rules of Civil Procedure do not recognize a motion to reconsider. *Computerized Thermal Imaging, Inc., v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002). The Court construes such motions as filed pursuant to Rule 59(e) (motions to alter or amend a judgment) or Rule 60(b) (relief from a final judgment, order, or proceeding), depending on the asserted justification for, and timing of, the motion. *Id.* Under Rule 59(e), "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Where, as here, the motion is filed beyond the deadline set forth in Rule 59(e), a motion to reconsider is generally analyzed under the requirements of FED. R. CIV. P. 60(b). *Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). "A litigant demonstrates exceptional circumstances by satisfying at least one of Rule 60(b)'s six grounds for

relief[,]" including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud. *Id.* A motion to reconsider should not be used to revisit issues already addressed or to advance arguments that could have been raised earlier. *Servants of Paraclete*, 204 F.3d at 1012.

## ANALYSIS

Defendant asserts that "substantial new evidence" exists justifying its renewed request for subpoenas to third party realtors. The Court disagrees. Nothing changes the fact that Defendant knew as early as October 2017 that disclosures about water issues were made during home sales. Plaintiff Wehr stated in his written discovery responses dated October 26, 2017, that he, his realtor, and the seller's realtor had a disclosure meeting. [Doc. No. 41-3 at 9-10, 28]. Specifically, he disclosed that "[i]t was brought to [his] attention that some of the water[] wells in the front of the neighborhood near 178th Street had some issues (five cases, chloride in water, and over an oilfield)." *Id.* at 10. Further, Mr. Kerns testified in his November 7, 2017 deposition that his real estate agent disclosed the lawsuit against Defendant and the water issues to the Wehrs before they sold them the home. [Doc. No. 41-5 at 26].

Defendant's reliance on Plaintiffs' supplemental discovery responses after the discovery cutoff is not persuasive. Defendant concedes that the Bolding Plaintiffs produced a disclosure to Defendant on November 3, 2017. [Doc. No. 68 at 7]. This reaffirms that Defendant had knowledge in early November 2017 that sellers had disclosed water issues. Although the Boldings revised the disclosure after they re-listed their home for sale in early 2018, Defendant concedes the disclosure was revised after the discovery

4

cutoff. Plaintiffs produced the revised disclosure to Defendant shortly after the revision was made.

Similarly, a copy of the disclosure in connection with the sale of the Richards'[2] home was produced to Defendant on November 15, 2017. [Doc. No. 67 at 7-8; *see also* Doc. No. 68 at 3]. Likewise, relevant portions of the disclosure completed by the Edgin Plaintiffs was produced to Defendant on March 23, 2017. In fact, counsel for Defendant questioned Mr. Edgin about the disclosure in his deposition on November 28, 2017. [Doc. No. 67-15 at 46-52]. Further, Defendant concedes that the Gooch disclosure was produced on August 3, 2017. [Doc. No. 68 at n. 4].

Defendant has still failed to provide an adequate explanation for waiting until January 19, 2018, to request subpoenas with a production date after the discovery cutoff. "'[W]hen a party is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied.'" *Peterbilt of Great Bend, LLC v. Doonan*, No. CIV-05-1281-JTM, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006) (*quoting Revander v. Denman*, No. CIV-00-1810-RJH, 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004)).

Plaintiffs have a continuing duty to supplement their disclosures and responses under FED. R. CIV. P. 26(e)(1). Plaintiffs appear to be doing that, as appropriate. There

---

[2] The Richards are plaintiffs in *Edwards v. ConocoPhillips Co.*, Oklahoma County District Court Case No. CJ-2017-178. The Lopezes, who are Plaintiffs in this case, bought the home at 17412 Barrington Hill Lane from the Richards.

does not appear to be any fraud, misrepresentation or misconduct by Plaintiffs. As evidenced by the record, Plaintiffs' knowledge about water issues in the neighborhood has evolved over time. For instance, the Bolding Plaintiffs revised their disclosure after they re-listed their home in early 2018 and after receiving the results of testing, which showed their water well had uranium levels above the safe drinking standards. *See* Pls.'s Resp. [Doc. No. 67 at 6-7, 13; Doc. No. 67-2; Doc. No. 67-23].

Further, the information in Mr. Artman's expert report is not new. Defendant has had most of the disclosures since November 2017. "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994). Although Mr. Artman opines that these homes have no marketable value, this is an issue that can be taken up in a *Daubert* motion, if warranted, or through cross-examination of the expert. Additional discovery is not required.

Production of Ms. Rupp's e-mails to Defendant on April 13, 2018, does not change the Court's analysis. As evidenced above, the Richards' disclosure was produced to Defendant on November 15, 2017. Further, Plaintiff Wehr disclosed in his written discovery responses dated October 26, 2017, that he, Ms. Rupp and Mr. Webb had a disclosure meeting. Simply put, the disclosures at the heart of Defendant's motion have been produced by Plaintiffs. Defendant chose not to conduct non-party discovery prior to the discovery cutoff. *See Okla. ex rel. Doak v. Acrisure Bus. Outsourcing Services, LLC*,

6

529 Fed. Appx. 886, 892 (10th Cir. July 16, 2013) (unpublished)[3] (affirming district court's order denying extension and district court's order denying the plaintiff's motion to reconsider); *see also Servants of Paraclete*, 204 F.3d at 1012 (a motion to reconsider should not be used to revisit issues already addressed or to advance arguments that could have been raised earlier).

The cases Defendant relies on for its position that this Court should reopen discovery are easily distinguishable. In *Christopher v. Tulsa Ambassador Hotel, L.L.C.*, discovery had closed at the time the new evidence, specifically the plaintiff's manipulation of discs he had taken from the defendant's computer upon his termination, came to light. *Christopher*, No. CIV-05-500-JHP/SAJ, 2006 WL 3628038, at *2 (N.D. Okla. Dec. 11, 2006). In *Christopher*, once the defendant became aware at the plaintiff's deposition that the plaintiff had removed discs or documents relating to her employment with the defendant, the defendant diligently attempted to obtain discovery. *Id*. at 3. The facts here differ significantly. Here, no such misconduct has been discovered, and disclosures were produced to Defendant in November 2017 – long before the discovery cutoff. Defendant had ample time to request third-party subpoenas before the discovery cutoff.

Similarly, in *Lore v. City of Syracuse*, the court denied the plaintiff's request to depose a witness after the discovery cutoff where the plaintiff provided "no suitable explanation as to why [the] deposition was not pursued at the appropriate time." *Lore*, 232 F.R.D. 155, 159 (N.D.N.Y. 2005) (*citing Trebor Sportswear Co. v. The Limited Stores,*

---

[3] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

*Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery)). The court in *Lore* reopened discovery to permit the plaintiff's counsel to examine note cards that were admittedly not provided during the plaintiff's counsel's onsite review of personnel files. *Id.*

Moreover, unlike *2910 Ga. Ave. LLC*, where the court found "good cause" to reopen discovery when new information was discovered after the close of discovery, Defendant here relies on the exact same information it advanced in its original motion. *See 2910 Ga. Ave. LLC v. District of Columbia*, 312 F.R.D. 205, 211 (D.D.C. 2015). The *2910 Ga. Ave. LLC* court noted that the plaintiff "was diligent in obtaining discovery within the guidelines established by the [c]ourt and filed its motion within days of learning the facts at issue." *Id.* Here, Defendant waited months to request the third-party subpoenas.

Finally, Defendant does not address the fact that this Court found that Defendant's request for documents was "overly broad and not limited to disclosures about water issues." [Doc. No. 48 at 5]. The third-party subpoenas requested all documents and communications relating to several matters from January 1, 2002, to the present.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Reconsider Prior Order [Doc. No. 48] and Reopen Limited Fact Discovery and Brief in Support [Doc. No. 54] is DENIED. Defendant's Motion for Leave to File Supplement to Motion to Reconsider Prior Order and Reopen Limited Fact Discovery [Doc. No. 58] is STRICKEN as MOOT.

IT IS SO ORDERED this 22nd day of May 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE