## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES BLOCKER AND JAMI** | ) | |
| **BLOCKER, husband and wife, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-17-248-G** |
| | ) | |
| **CONOCOPHILLIPS COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is Defendant's Motion to Exclude the Expert Opinions and Testimony of Jim Artman, Steve Larson, Jack Lawmaster, and Daniel Tormey Regarding Causation (Doc. No. 122), filed by Defendant ConocoPhillips Company pursuant to Rules 403, 702, and 703 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993).  Plaintiffs have filed a response (Doc. No. 150), and Defendant has replied (Doc. No. 163).

### BACKGROUND

This case involves the historic oil and gas operations of Defendant's predecessor, Continental Oil Company, in the 1930s through 1960s on land now constituting the Clifford Farms housing addition.  Plaintiffs—current and former Clifford Farms homeowners—allege that Continental's operations resulted in the contamination of the soils and aquifer underlying Clifford Farms with elevated levels of chloride, sulfate, and

other constituents.  *See* Doc. No. 117 at 5-6 (incorporated by reference into Defendant's

Motion (Doc. No. 122) at 6).[1]

DISCUSSION

Defendant seeks the exclusion of certain opinions of real estate appraiser Jim

Artman, hydrologist Steve Larson, civil engineer Jack Lawmaster, and geochemist Daniel

Tormey on the basis that they improperly speak to causation.[2]  Defendant objects to certain

references these experts made while opining on their respective subjects that suggest

Defendant was the cause of the contamination.  *See* Def.'s Mot. at 7-15.  Defendant objects

that Artman, Larson, and Lawmaster are not qualified to offer opinions on causation, that

none of the opinions are the product of reliable methodology, and that the opinions are

cumulative and unduly prejudicial.  *See id.* at 15-22.

I.      *Whether the Opinions Should be Excluded under Rule 702*

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert

testimony at trial and imposes on the trial court a gatekeeper function to "ensure that any

and all scientific testimony or evidence admitted is not only relevant, but reliable."

*Daubert*, 509 U.S. at 589.  The Rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience,
> training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help
> the trier of fact to understand the evidence or to determine a fact in issue;

---

[1] With the exception of deposition testimony, citations to page numbers herein use the
CM/ECF pagination.

[2] Defendant objects to other aspects of the opinions and proposed testimony of Jim Artman,
Jack Lawmaster, and Daniel Tormey by separate motions.  *See* Doc. Nos. 119, 123, 130.

2

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  Under Rule 702, a court performs a two-step analysis to determine the admissibility of an expert opinion.  *See 103 Inv'rs I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006).  First, the court "must determine whether the expert is qualified by 'knowledge, skill, experience, training, or education' to render an opinion."  *Id.* (quoting Fed. R. Evid. 702).  Second, if the court finds that the expert is sufficiently qualified, "the court must determine whether the expert's opinion is reliable" by assessing the underlying reasoning and methodology, as set forth in *Daubert.  Id.*; *see Kumho Tire Co., LTD. v. Carmichael*, 526 U.S. 137, 147 (1999).

Reliability questions may concern the expert's "data, method, or his application of the method to the data."  *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc); *see Mitchell v. Gencorp Inc.*, 165 F.3d 778, 782 (10th Cir. 1999); Fed. R. Evid. 702(b)-(d).  The Supreme Court has articulated the following non-exhaustive set of factors that courts may consider when evaluating reliability: (1) whether a theory or technique can be and has been tested; (2) whether a theory or technique has been subjected to peer review and publication; (3) whether there is a high known or potential rate of error with respect to a technique and whether there are standards controlling the technique's operation; and (4) whether the theory or technique enjoys general acceptance within a relevant scientific community.  *Kumho Tire Co., Ltd.*, 526 U.S. at 149-50.

The Supreme Court has made clear, however, that the *Daubert* factors are "meant to be helpful, not definitive," and not all factors will necessarily apply in every case. *Id.* at 151; *see United States v. Bains*, 573 F.3d 979, 992 (10th Cir. 2009) (quoting *Kumho Tire Co., Ltd.*, 526 U.S. at 150-51). Rather, Courts have broad discretion in determining the admissibility of expert testimony, *see Taylor v. Cooper Tire & Rubber Co.*, 130 F.3d 1395, 1397 (10th Cir. 1997), and this discretion includes the manner in which the Court "assess[es] an expert's reliability, including what procedures to utilize in making that assessment," *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003) (citing *Kumho Tire Co., Ltd.*, 526 U.S. at 152; *United States v. Velarde*, 214 F.3d 1204, 1208-09 (10th Cir. 2000)). Thus, where the proposed testimony does not "rest[] upon scientific foundations," the court may determine that "the relevant reliability concerns [should] focus upon personal knowledge or experience." *Kumho Tire Co., Ltd.*, 526 U.S. at 150, 152 (explaining that courts should "consider the specific factors identified in *Daubert* where they are reasonable measures of the reliability of expert testimony").

The proponent of the expert testimony bears the burden of establishing its admissibility. *See Nacchio*, 555 F.3d at 1241. "Under *Daubert*, any step that renders [the expert's] analysis unreliable . . . renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology." *Mitchell*, 165 F.3d at 782 (alteration in original) (internal quotation marks omitted). In making a reliability determination, the court "generally . . . should focus on an expert's methodology rather than the conclusions it generates." *Dodge*, 328 F.3d at 1222. Conclusions and methodology, however, "are not entirely distinct from one

another." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).  While experts "commonly extrapolate from existing data," "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."  *Id.* (explaining that exclusion under *Daubert* is appropriate where a court "conclude[s] that there is simply too great an analytical gap between the data and the opinion proffered").

As an initial matter, the Court concludes that the record before it presents adequate material to make its determination, and an evidentiary hearing is therefore unnecessary.

Defendant argues that Artman, Larson, Lawmaster, and Tormey have "parrot[ed]" the opinions of Plaintiffs' causation experts and, without proper qualifications, offer these opinions as their own.  Def.'s Mot. at 5, 7, 19-21.  Having reviewed the specific opinions to which Defendant objects, *see id.* at 7-15, the Court concludes that they reflect the type of reliance on the "reliable opinions of other experts" permitted under Rule 702.  *See* Fed. R. Evid. 702, Advisory Committee Notes to 2000 Amendment ("The term 'data' is intended to encompass the reliable opinions of other experts."), ("[R]ejection of expert testimony is the exception rather than the rule."); *see also* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."); *Smith v. BNSF Ry. Co.*, No. CIV-08-1203-D, 2011 WL 4054858, at *7 (W.D. Okla. Sept. 12, 2011) ("[T]he existence of inadequacies regarding the factual bases for an expert opinion go to the weight of the testimony rather than to its admissibility.").

As to Defendant's argument that Artman, Larson, and Lawmaster are not qualified to offer causation opinions, *see* Def.'s Mot. at 15-18, the Court does not construe Rule 702 as requiring that every expert possess the same qualifications as the experts on whose opinions their own is informed. That said, while Artman, Larson, and Lawmaster will be allowed to recite and rely upon the opinions of other expert witnesses, their testimony should acknowledge that reliance and present a fair description of the opinions being referenced. The Court finds that it will be better situated at trial to determine whether Artman, Larson, and Lawmaster offer testimony that exceeds the bounds of the areas in which they are qualified and will address such objections, should they be made, at that time.

## II.  *Whether the Opinions Should Be Excluded under Rule 403*

Defendant additionally requests that the Court exclude or limit the proposed testimony under Rule 403 of the Federal Rules of Evidence, because the opinions are cumulative and unduly prejudicial. *See id.* at 21-22; *see also* Fed. R. Evid. 403 (providing that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

Exclusion of relevant evidence under Rule 403 "is an extraordinary remedy and should be used sparingly." *Joseph v. Terminix Int'l Co.*, 17 F.3d 1282, 1284 (10th Cir. 1994). "Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case. To be *unfairly* prejudicial, the evidence must have an undue tendency to suggest

6

decision on an improper basis, commonly, though not necessarily, an emotional one."
*United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (internal quotation marks omitted) (emphasis in original).  Here, the Court does not find that the opinions to which Defendant objects would tend to suggest to the jury that it render its findings based on an emotional reason or other improper basis.

Moreover, the Court finds that the mere possibility that some duplicative testimony could result is insufficient to warrant exclusion of the testimony at this time.  The Court is mindful that the potential for duplicative or needlessly cumulative testimony is high in this matter, but the Court will be better situated at trial to determine the value and utility of the evidence under Rule 403 and will address such objections at that time.

## CONCLUSION

For these reasons, Defendant's Motion to Exclude the Expert Opinions and Testimony of Jim Artman, Steve Larson, Jack Lawmaster and Daniel Tormey Regarding Causation (Doc. No. 122) is DENIED.

IT IS SO ORDERED this 13th day of May, 2019.

_____
CHARLES B. GOODWIN
United States District Judge