UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES BLOCKER AND JAMI BLOCKER, husband and wife, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-17-248-G |
| CONOCOPHILLIPS COMPANY, | ) ) ) | |
| Defendant. | ) | |

# ORDER

Now before the Court are Plaintiffs' Motion to Strike the Declarations of Certain of Defendant's Experts Pertaining to Background Soil Conditions (Doc. No. 160), and Plaintiffs' Motion to Strike the Supplemental Expert Opinions of John Oneacre (Doc. No. 169). Defendant has responded to both motions (Doc. Nos. 181, 182).

*I.  Plaintiffs' Motion to Strike the Declarations of Certain of Defendant's Experts Pertaining to Background Soil Conditions (Doc. No. 160)*

Plaintiffs previously filed a motion to exclude the proposed testimony of Defendant's experts Cal Chapman, Tom Hennessey, and Gordon Johnson ("Soil Experts") regrading soil conditions. *See* Doc. No. 127. Plaintiffs now object that the Soil Experts offered new opinions on background soil salinity levels in declarations attached to Defendant's response to Plaintiffs' motion. *See* Doc. Nos. 146-2, 146-3, 146-4. Plaintiffs argue that these submissions constitute supplements to the Soil Experts' reports that violate Rule 26(e) of the Federal Rules of Civil Procedure and that Defendant therefore should not

be allowed to use the information at trial or in response to Plaintiffs' motion to exclude. *See* Fed. R. Civ. P. 26(e), 37(c)(1).

Defendant responds that the material to which Plaintiffs object—soil sampling data relevant to background soil salinity levels ("UC Davis soils data")—was first revealed to Defendant's Soil Experts by Plaintiffs during depositions and that Plaintiffs' expert Kerry Sublette addressed the soil sampling data in a rebuttal report. *See* Def.'s Resp. (Doc. No. 181) at 6; Def.'s Resp. Ex. 4 (Doc No. 181-4). Defendant argues that (1) the additional data do not constitute "new opinions," (2) the declarations comply with Rule 26 because that rule does not require supplementation or correction where "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," Fed. R. Civ. P. 26(e)(1)(A), and (3) even if the declarations violate Rule 26, the violation was substantially justified and harmless under Rule 37(c)(1). Def.'s Resp. at 9-29.

As an initial matter, the Court did not consider the challenged material in its determination of Plaintiffs' Motion to Exclude (Doc. No. 127). Thus, this portion of Plaintiffs' request is denied as moot.

Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Tenth Circuit has explained that a court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the

extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (internal quotation marks omitted).

The Court finds that, even if the declarations violate Rule 26, the violation is substantially justified and harmless. As Defendant notes, Plaintiffs' counsel questioned these experts about the UC Davis soils data during their depositions, and Plaintiffs' expert Sublette testified about the data during his deposition and provided a rebuttal expert report addressing it. *See* Def.'s Resp. at 17-18; *see also* Pls.' Mot. Exclude Ex. 9 (Doc. No. 127-9) at 2-3. Thus, the incorporation of the data into the Soil Experts' opinions should not come as a surprise to Plaintiffs or impose the degree of prejudice warranting exclusion under Rule 37. Second, Plaintiffs do not explain why any resulting prejudice could not be cured by cross-examination, given Plaintiffs' familiarity with the material. Third, there would be no disruption of trial, which has not yet begun. Nor would there be disruption to the pretrial process. Because Plaintiffs already discussed the UC Davis soils data with the Soil Experts during depositions, the need to depose the Soil Experts on their opinions adopting that new data is significantly diminished. Finally, Defendant disputes whether the Soil Experts' declarations qualify as supplements under Rule 26. Indeed, the fact that Plaintiffs provided the UC Davis soils data to the Soil Experts at their depositions suggests that Rule 26 supplementation may not have been required. *See* Fed. R. Civ. P. 26 (directing that a party supplement a disclosure "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process"). Thus, the

extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (internal quotation marks omitted).

The Court finds that, even if the declarations violate Rule 26, the violation is substantially justified and harmless. As Defendant notes, Plaintiffs' counsel questioned these experts about the UC Davis soils data during their depositions, and Plaintiffs' expert Sublette testified about the data during his deposition and provided a rebuttal expert report addressing it. *See* Def.'s Resp. at 17-18; *see also* Pls.' Mot. Exclude Ex. 9 (Doc. No. 127-9) at 2-3. Thus, the incorporation of the data into the Soil Experts' opinions should not come as a surprise to Plaintiffs or impose the degree of prejudice warranting exclusion under Rule 37. Second, Plaintiffs do not explain why any resulting prejudice could not be cured by cross-examination, given Plaintiffs' familiarity with the material. Third, there would be no disruption of trial, which has not yet begun. Nor would there be disruption to the pretrial process. Because Plaintiffs already discussed the UC Davis soils data with the Soil Experts during depositions, the need to depose the Soil Experts on their opinions adopting that new data is significantly diminished. Finally, Defendant disputes whether the Soil Experts' declarations qualify as supplements under Rule 26. Indeed, the fact that Plaintiffs provided the UC Davis soils data to the Soil Experts at their depositions suggests that Rule 26 supplementation may not have been required. *See* Fed. R. Civ. P. 26 (directing that a party supplement a disclosure "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process"). Thus, the

record does not reflect that Defendant's conduct constituted bad faith or willful violation of Rule 26.

> II. *Plaintiffs' Motion to Strike the Supplemental Expert Opinions of John Oneacre (Doc. No. 169)*

Similarly, Plaintiffs previously filed a motion to exclude the proposed testimony of Defendant's expert John Oneacre, *see* Doc. No. 128, and now request that the Court strike material submitted in Defendant's response to that motion under Rule 37(c). Plaintiffs specifically object to Oneacre's discussion of a 1996 academic study (the "Cates paper"), which Plaintiffs cited in their motion to exclude. *See* Def.'s Mot. (Doc. No. 169) at 5-6; Pls.' Resp. (Doc. No. 182) at 3. Arguing that Oneacre's discussion of the Cates paper in his declaration (submitted as an attachment to Defendant's response, *see* Doc. No. 156-1) constitutes a supplement submitted in violation of Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiffs request that Defendant not be allowed to use the information at trial or in response to Plaintiffs' motion to exclude. *See* Fed. R. Civ. P. 26(e), 37(c)(1). Defendant responds that it is not offering the declaration as a Rule 26(e) supplement but, rather, that Oneacre addressed the Cates paper solely in support of Defendant's response to Plaintiffs' *Daubert* motion. *See* Def.'s Resp. at 1-2.

The Court denies Plaintiffs' request that Defendant not be allowed to refer to Oneacre's declaration in responding to Plaintiffs' *Daubert* motion (Doc. No. 128). Because Plaintiffs rely heavily on the Cates paper in challenging Oneacre's proposed testimony, Oneacre's response to that challenge is relevant.

As to Plaintiffs' request that Defendant not be able to present at trial the opinions set forth in Oneacre's declaration, Defendant responds that the declaration was submitted solely to support Defendant's *Daubert* response and not as proposed testimony. Therefore, the Court denies without prejudice Plaintiffs' motion to the extent it seeks exclusion of the material at trial. Should Oneacre independently proffer at trial the opinions to which Plaintiffs object in their Motion, Plaintiffs may raise their objection at that time.

## CONCLUSION

For these reasons, Plaintiffs' Motion to Strike the Declarations of Certain of Defendant's Experts Pertaining to Background Soil Conditions (Doc. No. 160), and Plaintiffs' Motion to Strike the Supplemental Expert Opinions of John Oneacre (Doc. No. 169) are DENIED. Additionally, the Court denies Plaintiffs' request for attorney fees and expenses under Rule 37(c)(1)(A).

IT IS SO ORDERED this 14th day of May, 2019.

_____
CHARLES B. GOODWIN
United States District Judge